UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOEL CARTER,

       Plaintiffs,                                 Hon. Janet T. Neff

v.                                                 Case No. 1:13-CV-37

MICHIGAN DEPARTMENT
OF CORRECTIONS, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Plaintiff's Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction</u>. (Dkt. #79). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied**.

## BACKGROUND

Plaintiff initiated the present action against numerous defendants alleging various claims, including the claim that his Eighth Amendment right to receive appropriate mental health treatment has been violated. Most of Plaintiff's claims have been dismissed. Presently before the Court are several motions by Defendants asserting that Plaintiff has failed to properly exhaust his administrative remedies regarding his Eighth Amendment claims. Plaintiff now moves for injunctive relief. Specifically, Plaintiff requests that the Court enter an Order mandating that Defendants: (1) provide Plaintiff with appropriate mental health treatment; (2) permit Plaintiff to exercise outside one hour daily; and (3) release Plaintiff from segregation.

Injunctive relief is "an extraordinary remedy which should be granted only if. . .the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001) (citations omitted). If such is the case, the court must then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000).

Rather than prerequisites which must each be satisfied, the relevant factors, none of which are dispositive, are competing considerations to be weighed and balanced. *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997); *Michigan Bell Telephone Co. v. MFS Intelenet of Michigan, Inc.*, 16 F.Supp.2d 828, 831 (W.D.Mich. 1998). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118 (the "most significant single component" in the decision whether to grant injunctive relief "is the court's discretion") (citations omitted).

Plaintiff has failed to demonstrate that he is likely to prevail on his Eighth Amendment denial of treatment claims. In this respect, the Court notes that Plaintiff has submitted in support of this motion a plethora of evidence indicating that he is receiving treatment for his various emotional impairments. While Plaintiff may believe that his treatment is ineffective or that such constitutes malpractice, such does not constitute an Eighth Amendment violation. Moreover, while the Court recognizes the severity of Plaintiff's various psychological impairments, Plaintiff has failed to

demonstrate that he would suffer irreparable injury in the absence of the requested relief. Finally, the Court finds that the public interest would not be served by judicial interference in the day-to-day operations of a correctional facility in the absence of evidence supporting such. Accordingly, the undersigned recommends that Plaintiff's motion for injunctive relief be **denied**.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction, (Dkt. #79), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: March 28, 2014          /s/ Ellen S. Carmody
                              ELLEN S. CARMODY
                              United States Magistrate Judge