UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOEL MARCEL CARTER,

    Plaintiff,

v

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.
_____/

Case No. 1:13-cv-37

HON. JANET T. NEFF

## OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. This Court previously dismissed Plaintiff's claims save his Eighth Amendment claims for failure to receive appropriate mental health treatment asserted against Defendants Mutschler, Raymond, Parson, Davis, Ayala, Gawnee, Eyke, Henry, Carrie McRoberts, Pirlot, Dinsa, Lee McRoberts, Klee, Nguyen, Pozios, Beauvau, Romanowski, Fox, Stephens, Myers, Kissinger, and Palmer. All remaining Defendants, except for Defendant Davis,[1] have moved for summary judgment on the ground that Plaintiff has failed to properly exhaust his administrative remedies. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) on the motions. The matter is presently before the Court on Plaintiff's objections and Defendant Dinsa's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the

---

[1] Plaintiff has yet to effect service on Defendant Davis, and the Magistrate Judge recommends that Plaintiff's claims against Defendant Davis be dismissed for failure to timely effect service. Plaintiff's objection to this recommendation is addressed *infra*.

Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

**1.** *Plaintiff's objections to dismissal of unexhausted claims*

Plaintiff objects to the conclusions of the Magistrate Judge and argues that he did in fact exhaust his administrative remedies through the following grievances. Plaintiff's arguments are without merit.

**Grievance RMI-12-10-1768-12b.**

Plaintiff argues that he exhausted his administrative remedies, despite filing this lawsuit before a response to his Step III grievance was due, because the MDOC responded to his Step III grievance after the February 9, 2013 due date (Pl.'s Obj., Dkt 123 at 1-2). The Sixth Circuit has clearly addressed these circumstances:

> The plain language of the statute makes exhaustion a precondition to filing an action in federal court ("No action shall be brought ... until such administrative remedies as are available are exhausted."). *Brown v. Toombs*, 139 F.3d 1102 (6th Cir.), cert. denied, 525 U.S. 833, 119 S.Ct. 88, 142 L.Ed.2d 69 (1998). The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit. *Larkins v. Wilkinson*, 1998 WL 898870 at *2 (6th Cir. Dec. 17, 1998) (unpublished). In *Larkins*, we dismissed the plaintiff's complaint where his "attempt to exhaust his available administrative remedies only after filing suit in federal court ignores the clear mandate of § 1997e(a) which requires exhaustion ... prior to filing suit in federal court."

*Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999).

Here, Plaintiff filed this action on January 11, 2013, before either receiving a response to his Step III appeal or allowing the February 9, 2013 response due date to pass (R&R, Dkt 117 at 13).

2

Plaintiff's argument is therefore without merit and fails to demonstrate any legal or factual error in the Magistrate Judge's analysis or conclusion.

**Grievance MRF-12-03-0494-12b.**

Plaintiff argues that Grievance MRF-12-03-0494-12b serves to exhaust his claims because he did not receive a response to his Step III appeal (Pl.'s Obj., Dkt 123 at 2-3). Plaintiff's argument is without merit. Plaintiff received a response to his Step II appeal of Grievance MRF-12-030494-12b on June 13, 2012 (Dkt 77, Ex. E at 4). Defendants submitted a report showing all Step III grievances filed by Plaintiff between May 2009 and August 5, 2013 (Dkt 36, Ex. B), and the report does not show any Step III appeals for Grievance MRF-12-03-0494-12b (Dkt 36, Ex. B). The Grievance Section of the MDOC records all Step III appeals, including those appeals that inmates attempt to file but that do not meet procedural requirements under the policy (Dkt 36, Ex. B at 3). Plaintiff responds in his objection with a copy of a letter regarding his Step III appeal of this grievance. However, there is no evidence, aside from Plaintiff's conclusory allegations, that this letter was received by the Grievance Section. And it is clear from the many other Step III grievances filed by Plaintiff that Plaintiff understands how to properly file Step III grievances. Therefore, the Magistrate Judge did not err by concluding that Plaintiff failed to pursue this grievance through all three steps of the grievance process.

Because Plaintiff failed to pursue Grievance MRF-12-03-0494-12b through the entire grievance process, Plaintiff's additional objection to the Magistrate Judge's conclusions, regarding Plaintiff's failure to identify any individuals in Grievance MRF-12-03-0494-12b, is now moot.

Plaintiff's objection does not demonstrate any error in the Magistrate Judge's conclusion that this grievance fails to properly exhaust any of Plaintiff's remaining claims.

**Grievance RMI-12-06-0896-05b.**

Plaintiff argues that the Magistrate Judge was incorrect to conclude that this grievance was unrelated to Plaintiff's denial-of-adequate-mental-health-treatment claim (Pl.'s Obj., Dkt 123 at 4).[2] Plaintiff's argument is without merit. In this grievance, Plaintiff's concerns are specific to whether being put in segregation for 30 days was an appropriate punishment for his misconduct (Dkt 113, Ex. A). Therefore, the Magistrate Judge did not err by concluding that this grievance was not related to Plaintiff's claims that he was denied adequate mental health treatment services.

**Grievance ICF-10-09-2299-12b1.**

Plaintiff argues that he pursued this grievance through all three steps of the process and that the Magistrate Judge erred by excluding his letter, submitted to demonstrate his Step III appeal, as inadmissible hearsay (Pl.'s Obj., Dkt 123 at 6). Additionally, Plaintiff now includes an affidavit stating that he sent both a Step III appeal and the previously mentioned letter to the MDOC Director's Office (Pl.'s Aff., Dkt 123, Ex. D at 1-2).

Plaintiff's argument is without merit. Even if the Court admits Plaintiff's letter dated February 12, 2011, Plaintiff has failed to demonstrate any error in the Magistrate Judge's conclusion that this grievance fails to exhaust any of Plaintiff's remaining claims. Defendants submitted a report showing all Step III grievances filed by Plaintiff between May 2009 and August 5, 2013 (Dkt

---

[2]Plaintiff also asserts that the Court mistakenly dismissed Defendant Stephens in its Screening Order issued on June 27, 2013, despite the fact that the issue of Defendant Stephens' dismissal was not addressed in the R&R (Pl.'s Obj., Dkt 123 at 4). Moreover, Plaintiff did not previously move for reconsideration of the Court's June 27, 2013 order. In the Screening Order, the Court only dismissed Plaintiff's claim, against Defendant Stephens, stemming from Defendant Stephens' assessment that Plaintiff knew right from wrong (Dkt 6 at 9-10). The Court's Screening Order did not dismiss Plaintiff's claims that Defendant Stephens denied Plaintiff adequate mental health treatment. The Court's Screening Order decisions were properly issued pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A and 42 U.S.C. § 1997e(c).

36, Ex. B). The report does not show any Step III appeals for Grievance ICF-10-09-2299-12b1 (Dkt 36, Ex. B). The Grievance Section of the MDOC records all Step III appeals, including those appeals that inmates attempt to file but that do not meet procedural requirements under the policy (Dkt 36, Ex. B at 3). There is no evidence, aside from Plaintiff's conclusory allegations, that Plaintiff's letter was received by the Grievance Section. And it is clear from the many other Step III grievances filed by Plaintiff that Plaintiff understands how to properly file Step III grievances. Therefore, the Magistrate Judge correctly concluded that Plaintiff failed to pursue this grievance through step III of the grievance process.

**Grievance MBP-11-03-0691-12b1.**

Plaintiff argues that the MDOC's failure to respond to Plaintiff's Step I grievance before the due date "made this administrative remedy unavailable" (Pl.'s Obj., Dkt 123 at 5, citing *Boyd v. Corr. Corp. of Am.*, 380 F.3d 989, 996 (6th Cir. 2004)). Plaintiff's reliance on *Boyd* fails to demonstrate any legal or factual error in the Magistrate Judge's analysis or conclusion because *Boyd* is factually distinguishable. In *Boyd*, the plaintiff did not receive any response to his grievance and was prohibited, under the prison policy, from filing an appeal to the warden (the next step in that prison's grievance process) until he received a response. Here, in contrast, Plaintiff did receive a response, although it was untimely. And even if Plaintiff had not received a response, the MDOC Step I grievance receipt specifically instructs inmates to move on in the grievance process, and request an appeal form, if they do not receive a response by the deadline. So a late response was not preventing Plaintiff from pursuing his administrative remedies. Plaintiff cannot claim that his administrative remedies were exhausted or unavailable simply because the response to his Step I grievance came late.

**Unidentified Grievance #1**

Plaintiff asserts that the Magistrate Judge erred by concluding that Unidentified Grievance #1 could not serve to exhaust Plaintiff's administrative remedies (Pl.'s Obj., Dkt 123 at 9). The Magistrate Judge reasoned that Unidentified Grievance #1 could not serve to exhaust Plaintiff's administrative remedies because the grievance concerned events that occurred on May 18, 2010 while Plaintiff's Complaint only alleged that the same defendants refused Plaintiff's request for treatment in March 2010 (R&R, Dkt 117 at 18). Plaintiff argues that this "technical" deficiency in his pleading should be "cured to conform to the evidence" (Pl.'s Obj., Dkt 123 at 9).

Plaintiff fails to demonstrate any legal or factual error in the Magistrate Judge's analysis or conclusion. First, Plaintiff asks the Court to "construe pleading liberally" (*id.*). But the Magistrate Judge did not *construe* or interpret Plaintiff's pleading; rather, Plaintiff is asking the Court to *change* his pleading. Second, in his citations of caselaw, Plaintiff conflates analysis of motions for dismissal under Fed. R. Civ. P. 12(b)(6) with the Magistrate Judge's exhaustion analysis. On a motion for dismissal, where courts construe the pleadings liberally, the risk for the plaintiff is that the entire case will be dismissed. Here, in contrast, the Magistrate simply determined that this particular grievance could not serve to exhaust Plaintiff's administrative remedies because it concerned events that were outside the scope of the claims being litigated.

In sum, while Plaintiff disagrees with the Magistrate Judge's exhaustion analysis, Plaintiff's objections fail to demonstrate that a disposition different from the Magistrate Judge's recommendation is warranted.

**2.**     *Plaintiff's other objections*

**Dismissal of various defendants**

Plaintiff next objects to the Magistrate Judge's recommendation that Defendants Mutschler, Raymond, and Parson be dismissed for failure to exhaust administrative remedies (Pl.'s Obj., Dkt 123 at 6-7). Plaintiff fails to demonstrate any legal or factual error in the Magistrate Judge's analysis or conclusion.

The Supreme Court has emphasized that an inmate must comply with the prison system's grievance requirements to "properly exhaust" administrative remedies. *Jones v. Bock*, 549 U.S. 199, 218 (2007). MDOC Policy Directive 03.02.130R requires grievants to include "names of all those involved in the issue being grieved" when filing a grievance. "Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Bock*, 549 U.S. at 204.

Here, the Magistrate Judge properly concluded that only Unidentified Grievances #2 and #3 would receive further consideration as to whether Plaintiff properly exhausted his administrative remedies regarding his claim that he was denied adequate mental health treatment. These grievances specifically name only Defendants Carrie McRoberts, Pirlot, and Dinsa and only address the actions of Defendants Carrie McRoberts, Pirlot, and Dinsa (R&R, Dkt 117 at 19; Dkt 66, Exs. A-B). Therefore, while these grievances provided an opportunity for prison officials to resolve Plaintiff's conflicts with Defendants Carrie McRoberts, Pirlot, and Dinsa, no similar opportunity was created to resolve Plaintiff's alleged conflicts with Defendants Mutschler, Raymond, and Parson. If Plaintiff desired to allege complaints against Defendants Mutschler, Raymond, and Parson, then he should

have included their names on the grievance form as specifically required by MDOC Policy Directive 03.02.130R.

### Dismissal of Defendant Davis for failure to serve

Finally, Plaintiff objects to the Magistrate Judge's recommendation that Defendant Davis be dismissed for failure to timely effect service. Plaintiff's argument demonstrates no error on the part of the Magistrate Judge. If a plaintiff shows good cause for failure to effect timely service, then "the court must extend the time for service for an *appropriate* period." FED. R. CIV. P. 4(m) (emphasis added). As the Magistrate Judge noted, the United States Marshal made several unsuccessful attempts to effect service on Defendant Davis, and the last summons for Defendant Davis was returned unexecuted on August 13, 2013 (R&R, Dkt 117 at 22). In the more than one year since that date, "Plaintiff has neither requested assistance effecting service on Defendant Davis nor an extension of time to effect service on him" (*id.*). Plaintiff has been provided significantly more time to effect service than the 120 days required by the rule. FED. R. CIV. P. 4(m). Because Plaintiff has had more than sufficient time to effect service on Defendant Davis, and because, as the Magistrate Judge noted, Plaintiff has not been diligent in requesting service be made, the Magistrate Judge correctly recommended dismissal of Defendant Davis without prejudice.

**3.**     *Defendant Dinsa's objections*

Defendant Dinsa asserts that the Magistrate Judge erred by recommending this Court deny her motion for summary judgment in part. Defendant Dinsa argues that even if Plaintiff's Step I grievance received no response, Plaintiff still did not exhaust his administrative remedies because he did not pursue Steps II and III of the grievance process with respect to Unidentified Grievances #2 and #3 before filing this lawsuit (Def.'s Obj., Dkt 128 at 3-4).

Defendant Dinsa fails to demonstrate any legal or factual error in the Magistrate Judge's analysis or conclusion. Defendant Dinsa, relying on *Hartsfield v. Vidor*, 199 F.3d 305 (6th Cir. 1999), and *Kennedy v. Wurth*, 36 F. App'x 553 (6th Cir. 2002), asserts that Plaintiff cannot be found to have exhausted his administrative remedies if he did not continue with Steps II and III of the grievance process after receiving no response to his Step I grievance (Def.'s Obj., Dkt 128 at 5). But both *Hartsfield* and *Kennedy* are distinguishable from the current factual scenario. In both of those cases, the plaintiffs failed to follow through with filing their grievances, did not thoroughly follow up with prison officials after receiving no response, and did not submit copies of the grievances into evidence. *Hartsfield*, 199 F.3d at 308-09; *Kennedy*, 36 F. App'x at 554-55. Here, in contrast, Plaintiff has provided evidence that, after not receiving a response to his first grievance, he followed up with the Grievance Coordinator and then filed further Step I grievances (Dkt 67). Unlike the plaintiffs in *Hartsfield* and *Kennedy*, Plaintiff has submitted copies of the grievance he attempted to file (Dkt 66, Exs. A-B; Dkt 78, Ex. I). Furthermore, Plaintiff provided evidence that he was told his grievances were being ignored (Dkt 67). In other words, Plaintiff has provided evidence that administrative remedies were effectively unavailable to him because he was being prevented from following the grievance procedures, and that he nonetheless made repeated attempts to comply with the MDOC policy. An inmate may satisfy the exhaustion requirement by demonstrating that prison officials actively prevented the inmate from following the prison grievance procedures, effectively making administrative remedies unavailable. *See Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011). For these reasons, Defendant Dinsa's objection is denied.

**4.**     *Conclusion*

Therefore, the Court approves and adopts the Magistrate Judge's Report and Recommendation. Specifically, Plaintiff's claims against Defendants Mutschler, Raymond, Parson, Eyke, Henry, Lee McRoberts, Klee, Nguyen, Pozios, Beauvau, Romanowski, Fox, Stephens, Myers, Kissinger, Ayala, Gawne, and Palmer are dismissed for failure to exhaust administrative remedies; Plaintiff's claims against Defendants Carrie McRoberts, Pirlot, and Dinsa are dismissed for failure to exhaust administrative remedies except as to the allegations advanced in the two "Unidentified Grievances;" and Plaintiff's claims against Defendant Davis are dismissed without prejudice for failure to timely effect service. Accordingly:

**IT IS HEREBY ORDERED** that Plaintiff's Objections (Dkt 123) are DENIED, Defendant Dinsa's Objections (Dkt 128) are DENIED, and the Report and Recommendation (Dkt 117) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (Dkt 35) is GRANTED.

**IT IS FURTHER ORDERED** that Defendant Gawnee's Motion for Summary Judgment (Dkt 43) is GRANTED.

**IT IS FURTHER ORDERED** that Defendant Dinsa's Motion for Summary Judgment (Dkt 50) is GRANTED IN PART and DENIED IN PART.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (Dkt 61) is GRANTED.

**IT IS FURTHER ORDERED** that Defendant Pirlot's Motion for Summary Judgment (Dkt 63) is GRANTED IN PART and DENIED IN PART.

**IT IS FURTHER ORDERED** that Defendant Carrie McRoberts' Motion for Summary Judgment (Dkt 82) is GRANTED IN PART and DENIED IN PART.

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Summary Judgment (Dkts 77 & 97) are DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant Davis are DISMISSED WITHOUT PREJUDICE for failure to timely effect service.

Dated: September 30, 2014                     /s/ Janet T. Neff
                                              JANET T. NEFF
                                              United States District Judge