UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOEL CARTER #410324,

       Plaintiff,                                             Hon. Janet T. Neff

v.                                                               Case No. 1:13 CV 37

MICHIGAN DEPARTMENT
OF CORRECTIONS, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Dinsa's Motion for Summary Judgment, (Dkt. #177); Defendant Pirlot's Motion for Summary Judgment, (Dkt. #178); Defendant McRoberts' Motion for Summary Judgment, (Dkt. #180); and Plaintiff's Motion for Summary Judgment, (Dkt. #190). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motions all be **granted**, Plaintiff's motion be **denied**, and this action **terminated**.

## BACKGROUND

Plaintiff is presently incarcerated at the Macomb Correctional Facility (MRF), but his complaint concerns matters which allegedly occurred at several facilities, including the Ionia Correctional Facility (ICF), the Marquette Branch Prison (MBP), the Gus Harrison Correctional Facility (ARF), the Macomb Correctional Facility (MRF) and the Michigan Reformatory (RMI). Plaintiff initiated this action against the Michigan Department of Corrections (MDOC) and twenty-five (25)

individuals including ARF Psychologist Carrie McRoberts, ARF Psychiatrist Surjit Dinsa, and ARF Mental Health Unit Chief Jennifer Pirlot.

In his complaint, Plaintiff alleges the following. Plaintiff suffers from multiple sclerosis and several mental disorders, including an "[o]bsessive-[c]ompulsive [d]isorder and/or [s]exual [i]mpulsivity [d]isorder." Plaintiff's sexually deviant behavior manifests itself in "exhibitionism and includes excessive masturbation." Plaintiff has received over 200 sexual misconduct reports since September 2005. Because of his numerous misconduct convictions, Plaintiff has been confined to his cell on loss of privileges (LOP) status for several years. As a result, Plaintiff suffers from muscle atrophy, weight gain, an inability to concentrate, hypersomnia, hypertension, anxiety, panic attacks and thoughts of suicide.

While Plaintiff originally asserted a great many allegations encompassing a significant period of time, the only claims remaining in this matter are that on August 16, 2011, Defendants Carrie McRoberts, Pirlot, and Dinsa refused Plaintiff's request for mental health treatment in violation of his Eighth Amendment rights. Defendants Carrie McRoberts, Pirlot,[1] and Dinsa now move for summary judgment. Plaintiff has also moved for summary judgment.

**SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the

---

[1] Defendant Pirlot's surname is now Johnson. For consistency purposes, in light of the many pleadings and documents in this matter, as well as the fact that Defendant is still identified as Pirlot on the Court's docket, the Court will refer herein to Defendant using her previous surname.

respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of

the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54.  In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 788 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001).  "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)).  The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations which occur during imprisonment and are not part of the sentence imposed. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 101-02 (1976). Accordingly, the Eighth Amendment protects against the unnecessary and wanton infliction of pain, the existence of which is evidenced by the "deliberate indifference" to an inmate's "serious medical needs." *Estelle*, 429 U.S. at 104-06; *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001).

The analysis by which a defendant's conduct is evaluated consists of two-steps. First, the Court must determine, objectively, whether the alleged deprivation was sufficiently serious. A "serious medical need," sufficient to implicate the Eighth Amendment, is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008). If the objective test is met, the Court must then determine whether the defendant possessed a sufficiently culpable state of mind:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837.

In other words, the plaintiff "must present evidence from which a trier of fact could conclude 'that the official was subjectively aware of the risk' and 'disregard[ed] that risk by failing to

take reasonable measures to abate it." *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004) (citing *Farmer*, 511 U.S. at 829, 847).

To the extent, however, that the plaintiff simply disagrees with the treatment he received, or asserts that he received negligent care, the defendant is entitled to summary judgment. *See Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (citing *Estelle*, 429 U.S. at 105-06) ("[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner"); *Brown v. Kashyap*, 2000 WL 1679462 at *1 (6th Cir., Nov. 1, 2000) (citing *Estelle*, 429 U.S. at 106) ("allegations of medical malpractice or negligent diagnosis and treatment" do not implicate the Eighth Amendment); *Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir. 2010) (to prevail on an Eighth Amendment denial of medical treatment claim, "the inmate must show more than negligence or the misdiagnosis of an ailment"); *Robbins v. Black*, 351 Fed. Appx. 58, 62 (6th Cir., Nov. 3, 2009) ("mere negligence or malpractice is insufficient to establish an Eighth Amendment violation").

**I.        Defendant Dinsa**

Plaintiff alleges that on August 16, 2011, Defendant Dinsa denied his request for mental health treatment. Defendant has submitted or referenced evidence elsewhere in the record which establishes the following. On August 16, 2011, Plaintiff was examined by Dr. Dinsa. (Dkt. #171 at PageID.1403-05). The doctor reported that Plaintiff was exhibiting "signs of psychosis," but "no signs of mania." (Dkt. #171 at PageID.1403; Dkt. #177, Exhibit 2). In the exercise of his medical judgment, the doctor made the determination to "treat [Plaintiff's] psychosis and mood disorder first and then to use meds for OCD." (Dkt. #171 at PageID.1404; Dkt. #177, Exhibit 2). Accordingly, Plaintiff's medication and treatment regimen was modified by Dr. Dinsa. (Dkt. #171 at PageID.1404; Dkt. #177,

Exhibit 2). At his deposition, Plaintiff conceded that Defendant Dinsa provided him treatment on August 16, 2011. (Dkt. #177, Exhibit 3 at 69-70). Plaintiff further testified that he simply disagreed with the doctor's treatment decisions. (Dkt. #177, Exhibit 3 at 69-70). Plaintiff has submitted no evidence to the contrary.

It is not disputed that Plaintiff received treatment from Defendant. Instead, Plaintiff simply disagrees with the course of treatment he received or believes that such constituted negligent care. As previously noted, however, such allegations simply do not implicate the Eighth Amendment. Accordingly, the undersigned recommends that Defendant Dinsa's motion for summary judgment be granted.

### II.        Defendant Pirlot

In support of her motion for summary judgment, Defendant has submitted an affidavit in which she asserts the following. During the relevant time period, Pirlot, a psychologist, was employed as the Unit Chief of the Residential Treatment Program in the unit where Plaintiff was housed. (Dkt. #182). In this capacity, Defendant "was the supervisor in charge of supervising the mental-health staff." (Dkt. #182). Defendant was not responsible, however, for supervising the psychiatrists who provided treatment to prisoners. (Dkt. #182). While Defendant did not provide individual treatment or therapy to Plaintiff, she was sufficiently familiar with Plaintiff and his conduct to render an informed opinion, based on her professional judgment, as to Plaintiff's condition and the appropriate treatment for such. (Dkt. #182). In this respect, Defendant asserts the following:

> In my opinion as a psychologist, [Plaintiff's] excessive masturbation was a functional behavior, and not a result of any mental illness. [Plaintiff] was able to change his behavior to comply with unit rules when he chose to do so. For instance, [Plaintiff] was placed on in-cell status due to his

> inappropriate behavior, and he was required to change his behavior and stop masturbating on female staff to get released from in-cell status. Without any change in his mental-health treatment, [Plaintiff] changed his behavior and stopped masturbating on female staff until he was released from in-cell status.
>
> [Plaintiff] would target only certain female staff with his behavior, further showing that he had control over his actions. . .[Plaintiff] was provided mental-health treatment for his diagnosed mental-health conditions. [Plaintiff's] excessive masturbation was not diagnosed as a mental illness, and no additional therapy was prescribed to treat his alleged condition because his activity was not caused by a mental illness.
>
> To the extent that [Plaintiff] alleges that I should have provided him with medication to treat his excessive masturbation, I am a psychologist, not a psychiatrist, so my license does not allow me to prescribe psychotropic medications. In addition, since [Plaintiff's] masturbation was merely an action that he chose to engage in, not a compulsion or other symptom of mental illness, medication would have been inappropriate in my opinion.
>
> [Plaintiff] did not have any serious medical need for therapy or medication designed to treat his excessive masturbation. [Plaintiff] disagrees with this conclusion, but he is not a trained mental-health professional, and his self-diagnosis is incorrect.

(Dkt. #182).

In sum, Plaintiff's claim against Defendant Pirlot is premised on Plaintiff's disagreement with Defendant's professional medical judgments and treatment decisions. Plaintiff has submitted no evidence contradicting or calling into doubt Defendant's assertion that *she* did not consider Plaintiff's excessive masturbation to constitute a mental illness requiring treatment. As previously noted, to the extent Plaintiff disagrees with Defendant's medical judgment or treatment decisions, or believes that such constituted negligence or malpractice, such does not implicate the Eighth Amendment. Accordingly, the undersigned recommends that Defendant Pirlot's motion for summary judgment be granted.

**III.        Defendant McRoberts**

In support of her motion for summary judgment, Defendant has submitted an affidavit in which she asserts the following. During the relevant time period, McRoberts, a psychologist, provided for prisoners "case management and group therapy for psychotic and major mood disorders." (Dkt. #196). Specifically, McRoberts was Plaintiff's "primary case manager for a period of time" and "provided group therapy that Plaintiff participated in." (Dkt. #196). Defendant was not responsible for "making diagnoses or determining who was or was not admitted to the program." (Dkt. #196). Likewise, Defendant was "not licensed to prescribe medication." (Dkt. #196). McRoberts asserts that the "group therapy and case management services I provided to Plaintiff were appropriate given the information I had at the time, my skills and training, and job duties." (Dkt. #196). McRoberts further asserts that she, "together with others, determined that Plaintiff could control his behavior and knew right from wrong." (Dkt. #196). Plaintiff has presented no evidence calling into question Defendant's assertion that she treated Plaintiff or her subjective determination that the treatment she provided was appropriate given Plaintiff's condition.

Plaintiff alleges that Defendant did not provide him with adequate mental health services. It is undisputed, however, that Defendant treated Plaintiff. Instead, the gravamen of Plaintiff's claim is merely that he disagreed with Defendant McRobert's professional medical judgments and treatment decisions or believes that such constituted negligence or malpractice. As previously noted, such simply does not implicate the Eighth Amendment. Accordingly, the undersigned recommends that Defendant McRobert's motion for summary judgment be granted.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant Dinsa's Motion for Summary Judgment, (Dkt. #177), be **granted**; Defendant Pirlot's Motion for Summary Judgment, (Dkt. #178), be **granted**; Defendant McRoberts' Motion for Summary Judgment, (Dkt. #180), be **granted**; Plaintiff's Motion for Summary Judgment, (Dkt. #190), be **denied**; and this action **terminated**. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  February 9, 2016         /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge